UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

CHARLES JUDSON HOLBROOK,

        Petitioner,                Case No. 1:22-cv-755

v.                                          Honorable Ray Kent

STATE OF MICHIGAN,

        Respondent.
_____/

## ORDER OF TRANSFER
## TO SIXTH CIRCUIT COURT OF APPEALS

This is a petition seeking release of a state prisoner pursuant to a claim that no crime was committed and the state has presented no evidence to support any charges. Petitioner is incarcerated with the Michigan Department of Corrections at the St. Louis Correctional Facility (SLF) in St. Louis, Gratiot County, Michigan. Following a Kent County Circuit Court jury trial, Petitioner was convicted of two counts of producing child sexually abusive material, Mich. Comp. Laws § 750.145c(2), two counts of allowing a child to engage in child sexually abusive activity, Mich. Comp. Laws § 750.145c(2), two counts of possessing child sexually abusive material, Mich. Comp. Laws § 750.145c(4), accosting a child for immoral purposes, Mich. Comp. Laws § 750.145a, and felon in possession of a firearm, Mich. Comp. Laws § 750.224f. On June 1, 2010, Petitioner was sentenced as a third habitual offender, Mich. Comp. Laws § 769.11, to concurrent terms of 15 to 40 years' imprisonment for producing child sexually abusive materials and allowing a child to engage in sexually abusive activity, concurrent terms of 2 years and 10 months to 8 years' imprisonment for possessing child sexually abusive materials and accosting a child for

immoral purposes, and a concurrent term of 2 years and 10 months to 10 years for the felon-in-possession conviction.

Petitioner contends that the state has provided no evidence that any crime was committed. Petitioner's challenge to the constitutionality of the proceedings that have resulted in his incarceration apparently seek release from state custody. Because Petitioner is in custody pursuant to the judgment of a state court, he must satisfy the requirements that apply to petitions filed under 28 U.S.C. § 2254, including the limit on second or successive petitions set forth in 28 U.S.C. 2244(b).

A successive petition raises grounds identical to those raised and rejected in a prior petition. *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality) (citing *Sanders v. United States*, 373 U.S. 1, 15–17 (1963)); *Lonberger v. Marshall*, 808 F.2d 1169, 1173 (6th Cir. 1987). A second petition is one which alleges new and different grounds for relief after a first petition was denied. *McCleskey v. Zant*, 499 U.S. 467, 470 (1991); *see also Burger v. Zant*, 984 F.2d 1129, 1132–33 (11th Cir. 1993) (distinguishing second petitions and successive petitions).

A prior dismissal with prejudice has a preclusive effect under § 2244, though a prior dismissal without prejudice does not. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643–46 (1998). Both dismissals on the merits and certain types of decisions reached before a merits determination are dismissals with prejudice that have a preclusive effect. *Carlson v. Pitcher*, 137 F.3d 416, 419 (6th Cir. 1997) (citing *Benton v. Washington*, 106 F.3d 162, 164 (7th Cir. 1996)). For example, a dismissal with prejudice based on procedural default is "on the merits" and, thus, a subsequent habeas application would be second or successive. *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000). Similarly, a dismissal on the basis of the statute of limitations is a decision on the merits, rendering a subsequent application second or successive. *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the

one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b).").

Petitioner has filed dozens of habeas petitions challenging his convictions and sentences in the Michigan federal courts. Moreover, within many of those cases, he has filed new petitions or motions for reconsideration that are effectively new petitions. Petitioner's current submission is not prompted by new evidence or new law; he simply claims that he is imprisoned despite the state's failure to present any evidence of any crime.

In *Holbrook v. Rapelje*, 2:13-cv-13137 (E.D. Mich.), and *Holbrook v. Bauman*, 2:15-cv-131 (W.D. Mich.), Petitioner's habeas petitions were denied on the merits after the enactment of the Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). Petitioner's current petition is, therefore, subject to the "second or successive" provision of 28 U.S.C. § 2244(b). *See, e.g.*, *Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007).

Before a second or successive application may be filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (circuit court may authorize the petition upon a *prima facie* showing that the claim satisfies § 2244(b)(2); to survive dismissal in the district court, the application must actually show the statutory standard). Petitioner did not seek the approval of the Sixth Circuit Court of Appeals before filing this petition. The appropriate disposition is a transfer of the case to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly,

**IT IS ORDERED** that this application for habeas relief is transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

Dated:   August 23, 2022                              /s/ Ray Kent
                                                      Ray Kent
                                                      United States Magistrate Judge